# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-825V
Filed: February 11, 2016
Not to be Published

**************************************
| | | |
|---|---|---|
| TARA A. GILL, | * | |
| | * | |
| Petitioner, | * | Petitioner's motion to dismiss |
| | * | in order to sue civilly granted; |
| v. | * | trivalent influenza vaccine; $H_1N_1$ |
| | * | influenza vaccine given in December 2009; |
| SECRETARY OF HEALTH | * | multiple sclerosis; immune deficiency |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**************************************

Michael B. Cohen, Altoona, PA, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On November 29, 2012, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that trivalent influenza vaccine administered December 18, 2009 caused multiple sclerosis and immune deficiency. See Pet. Preamble and ¶ 30. On the same date, petitioner also received $H_1N_1$ influenza vaccine which, for the winter flu season of 2009-10, is not covered under the Vaccine Injury Table and, therefore, is not compensable under the Vaccine Act.

During a telephonic status conference held on February 11, 2016, petitioner's counsel

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

stated that petitioner had decided to sue the vaccine manufacturers and moved to dismiss orally.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

### DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for trivalent influenza vaccination, and not $H_1N_1$ influenza vaccination, she would not have had whatever condition she has, but also that trivalent influenza vaccination was a substantial factor in causing whatever condition she has. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Petitioner has moved to dismiss rather than continue in a forum in which it appears she may not obtain compensation.

The Vaccine Act permits petitioners to pursue a civil action once judgment has entered on a decision by filing an election to sue civilly under § 300aa-21(a)(1). In order to obtain a judgment in this case, petitioner has moved to dismiss. The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

### CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to

RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 11, 2016                                                      s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.